UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOEAL AARON SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00064 |
| | ) |
| PENNY MAC LOAN SERVICES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Joel Aaron Sutton's Motion for Reconsideration (Doc. No. 85), Amended Motion for Reconsideration (Doc. No. 87), Motion to Strike Amended Motion for Reconsideration (Doc. No. 88), and an additional Amended Motion for Reconsideration (Doc. No. 89). On January 27, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") that included a recommendation to grant Defendants Mortgage Electronic Registration System, Inc. ("MERS") and PennyMac Loan Services, LLC's ("PennyMac") Motion to Dismiss (Doc. No. 33).

Here, the Magistrate Judge recommended dismissal of MERS and PennyMac under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. No. 74 at 19–24). The Court agreed and adopted the R&R and dismissed MERS and PennyMac. (Doc. No. 70). Now, Sutton asks this Court to reconsider. He asks this court to "please reconsider [its] ruling to dismiss PennyMac and Mers based on the fact due process was not served by giving a proper summons on MERS." (Doc. No. 89 at 2-3).

To begin, Sutton failed to timely file any objections to the R&R and has offered no explanation as why he failed to do so. This is important because, as a matter of law, his failure

constitutes waiver of his right to further judicial review. Thomas v. Arn, 474 U.S. 140, 144 (1985) (failure to timely file objections to the R&R waives the right to appeal); see also Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1374 (6th Cir. 1987) (failure to file objection to a report and recommendation "waived subsequent review of the matter"). The motion could be denied on this basis alone. Nevertheless, given Sutton's pro se status, the Court will consider his other arguments.

The Federal Rules of Civil Procedure do not explicitly address motions to reconsider. However, a motion for reconsideration of a judgment is construed as a motion to alter or amend the judgment" under Rule 59 of the Federal Rules of Civil Procedure. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). A party may move to alter or amend a judgment under Rule 59(e) if there is "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009). "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" Nat'l Ecological Found. v. Alexander, 496 F.3d 466, 477 (6th Cir. 2007) (quoting FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Here, fatally, Sutton's motion contains no suggestion of a "clear error of law," "newly discovered evidence," "intervening change of controlling law," or a "need to prevent manifest injustice." (See Doc. No. 89). His motion could be denied on this basis alone.

Even if the argument was properly raised before the Magistrate Judge, it would not affect the outcome of the case because [t]he requirement of proper service of process 'is not some mindless technicality[,]'" Friedman v. Est. of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012). Where personal jurisdiction

2

is not properly established, a court cannot exercise its authority consistent with due process of law. See Friedman, 929 F.2d at 1156–57. Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a complaint for insufficient service of process. King, 694 F.3d at 644. Plaintiff has the burden to show that proper service was made. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)). "Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden." Spencer v. Caracal Int'l, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (quoting Chapman v. Lawson, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015)).

Rule 4(h) provides two acceptable methods for serving corporate defendants like PennyMac and Mers. See Fed. R. Civ. P. 4(h). First, service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The second method of service under Rule 4(h) allows for service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A). That method of service involves "following state law for serving a summons ... in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Sutton attempted to serve PennyMac and MERS, so the Court will address each defendant in turn.

1. PennyMac

The Magistrate Judge correctly explained that there is no evidence that Sutton satisfied service under the first method because the summons and complaint were not personally delivered to a designated individual. (Doc. No. 74 at 21). Regarding the second method, this Court is in

3

Tennessee and Sutton attempted to serve PennyMac in California, so service may be made in compliance with Tennessee or California law. The Magistrate Judge correctly explained Tennessee's and California's service requirements:

> The Tennessee Rules of Civil Procedure provide that service on a defendant located outside of the state may be made in accordance with Tennessee Rule of Civil Procedure 4.04, in a manner prescribed by the state in which service is effected for an action in courts of general jurisdiction of that state, or as directed by the court. Tenn. R. Civ. P. 4.05(1)(a)–(c). Rule 4.04 provides that a domestic corporation may be served "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or ... to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); see also Hall v. Haynes, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt"). "[U]nder either [Tennessee] or federal procedural rules, a plaintiff bears the burden of demonstrating that he [or she] has served a copy of the summons and complaint on an officer, managing or general agent, or some other agent authorized by appointment or by law to accept service of process on behalf of the defendant corporation." Pride v. U.S. Smokeless Tobacco Mfg. Co., Civ. No. 3:10-0597, 2011 WL 344105, at *2 (M.D. Tenn. Feb. 1, 2011), *report and recommendation adopted*, 2011 WL 734937 (M.D. Tenn. Feb. 23, 2011).
>
> Under California law, a corporation can be served by delivering a copy of a summons and complaint to a list of designated individuals, including the corporation's registered agent, president, chief executive officer, other listed officers and managers, or another person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code § 416.10 (West 2022). Service may also be made on a corporation by mailing a copy of the summons and the complaint to one of the individuals designated in section 416.10. Id. §§ 415.30, 416.10. Mailing the summons and complaint to the defendant corporation, rather than one of the designated individuals, does not constitute valid service. Dill v. Berquist Constr. Co., 29 Cal. Rptr. 2d 746, 751 (Cal. Ct. App. 1994). Service by mail is only complete upon execution and return of a written acknowledgement of receipt. Cal. Civ. Proc. Code § 415.30 (West 2022); see also, e.g., Poorsina v. Tseng, No. 20-CV-09122, 2022 WL 110649, at *4 (N.D. Cal. Jan. 12, 2022) (citing Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199 (1973)) (finding that service by mail was ineffective when the addressees failed to execute and return a written acknowledgement of service).

(Doc. No. 74 at 22).

4

Sutton made two attempts to serve PennyMac, but neither complied with the service requirements under Tennessee or California law. Sutton's initial attempt to serve PennyMac (Doc. No. 8) fails to comply with Tennessee or California law because he has not provided any evidence that the individual who signed the return receipt, Andres Lopez, is an authorized agent. See Halls v. Haynes, 319 S.W.3d. 564, 577 (Tenn. 2010) (explaining that defendant or authorized agent must sign the return receipt); Dill, 29 Cal. Rptr. 2d at 751 (mailing the summons and complaint to the defendant corporation, rather than one of the designated individuals, does not constitute valid service). His second attempt is equally deficient as he sought to serve PennyMac by mailing a summons to PennyMac's counsel in Georgia. (Doc. No. 38 at 3). "[T]he defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred" in Tennessee. Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002)

2. MERS

The record shows and Sutton concedes that he failed to effect service on MERS. (Doc. No. 89 at 4). Sutton failed to show that he effected service under the first method because the summons and complaint were not personally delivered to an authorized individual. As to the second method, service on MERS may be made in compliance with Tennessee or Nebraska law because this Court is in Tennessee and Sutton attempted to serve MERS in Nebraska. Sutton failed to serve MERS in compliance with Tennessee law. The proof of service affidavit indicates that the summons was sent by certified mail. (Doc. No. 38 at 4). However, the certified mail receipt is unsigned. (Doc. No. 38 at 5). Sutton also failed to serve MERS in compliance with Nebraska law because MERS' mail receipt is unsigned.

5

Accordingly, Sutton has not established that he properly served PennyMac and MERS, and the Court lacks personal jurisdiction over them. The Court finds no basis to reconsider its prior Order dismissing PennyMac and MERS.

Sutton's second Amended Motion for Reconsideration (Doc. No. 89) is **DENIED**. Because the Court ruled on the second Amended Motion for Reconsideration, Sutton's previously filed Motion for Reconsideration (Doc. No. 85) is **DENIED AS MOOT**. The Motion to Strike Amended Motion for Reconsideration (Doc. No. 88) is **GRANTED**, and the first Amended Motion for Reconsideration (Doc. No. 87) is **STRIKEN** from the docket.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE