UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOEL AARON SUTTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-00064 |
| PENNY MAC LOAN SERVICES, LLC, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 100) recommending that the motions to dismiss filed by Rubin Lublin, LLC and Bank of England (Doc. Nos. 83 and 91) be granted. Joel Aaron Sutton has filed objections to the R&R. (Doc. Nos. 103 and 107). Rubin Lublin has filed a response to Sutton's objections. (Doc. No. 105). For the reasons that follow, Sutton's objections are **OVERRULED**, and the Court **ADOPTS** the R&R and the motions to dismiss of Rubin Lublin and Bank of England are **GRANTED**.

The Federal Rules of Civil Procedure and this Court's Local Rules provide that only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." M.D. Tenn. L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). In doing so, "[t]he district

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C).

The rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Further, arguments raised for the first time to the district court on objection are not normally properly before the district court for consideration, as arguments are usually waived when not first presented to the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (party procedurally barred from raising claim not raised before the magistrate judge); The Glidden Co. v. Kinsella, 386 F. App'x. 535, 544 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge).

Whether objections are properly raised is of great import, as an improper objection amounts to a "failure to properly, specifically, and timely object to a report and recommendation," which "releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Under these circumstances, "[t]he functions of

2

Case 2:23-cv-00064   Document 108   Filed 12/12/25   Page 2 of 3 PageID #: 1252

the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. With these standards in mind, the Court now turns to whether Sutton's objections are proper or meritorious.

Sutton's objections are not proper. First, he fails to specify with particularity what portions of the R&R to which an objection is made. He never identifies what factual findings or legal conclusions in the R&R are erroneous or wrong. Second, he cites to and makes arguments for relief not in his Fourth Amended Complaint. Third, the entire tone and tenor of his objections reflect his general disagreement with the R&R. Nevertheless, the Court has reviewed de novo the R&R and finds that it is a thorough analysis of the issues Sutton raises in the Fourth Amended Complaint, that it applies the proper legal standard of review and cogently applies the law to the allegations made by Sutton.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE