UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOEL AARON SUTTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:23-cv-00064 |
| PENNY MAC LOAN SERVICES, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Joel Sutton's Motion to Show Cause and for Relief from Judgment Pursuant to Rule 60(b). (Doc. No. 104). Sutton requests that the Court reconsider the dismissal of defendants Penny Mac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc. ("MERS") for insufficient service of process. (Doc. No. 74 at 24). For the following reasons, his motion will be denied.

Sutton requests reconsideration under Federal Rule of Civil Procedure 60(b). Sutton specifically relies on Rule 60(b)(1), (4), and (6), which states as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (4) the judgment is void; . . . [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

First, Sutton argues that he is entitled to relief under Rule 60(b)(1) because, "as [a] pro se litigant[], [he] acted diligently and in good faith but did not perfectly comply with formal service procedures." (Doc. No. 104 at 2, 3). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." Yeschick v. Mineta, 675 F.3d 622, 628-29 (6th Cir. 2012) (citation and quotation marks omitted). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." Id. (citations and quotation marks omitted).

Sutton alleges that though he did not effectuate proper service of process, "actual notice was achieved." (Doc. No. 104 at 3). However, "actual knowledge of a lawsuit will not cure defective service of process." Leisure v. Ohio, 12 F. App'x 320, 321 (6th Cir. 2001) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir. 1991)). Moreover, Sutton does not explain how his failure to properly effectuate service of process amounts to excusable neglect, and thus why he is not culpable under the relevant analysis. Yeschick, 675 F.3d at 628-29. The Magistrate Judge explained in depth the requirements for proper service of process, which the Court reiterated in the ruling on Sutton's previous motion for reconsideration. (Doc. No. 74 at 19-24; Doc No. 102 at 3-5). Therefore, Sutton could have filed a Rule 4(m) motion and followed the procedures for service outlined by the Magistrate Judge and the Court. Yet, he did not. Therefore, he has not demonstrated lack of culpability, and his failure to effectuate proper service of process cannot fairly be characterized as excusable neglect. Yeschick, 675 F.3d at 628-29. Sutton is not entitled to relief under Rule 60(b)(1).

Next, Sutton seeks relief from a void judgment under Rule 60(b)(4). "A void judgment is a legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations

2

omitted). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." Id. (citations omitted). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "A judgment is not void, for example, simply because it is or may have been erroneous." Id. (citations and quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted). Sutton argues that the order dismissing MERS and PennyMac is void because the Court lacked subject matter jurisdiction to enter it. (See Doc. No. 104 at 1, 2). That argument is without merit. The Court has diversity jurisdiction under 28 U.S.C. § 1332, which was confirmed in this case. (Doc. No. 37). The basis upon which Sutton argues that the judgment is void is also without merit, and he is not entitled to relief under Rule 60(b)(4).

Finally, Sutton invokes Rule 60(b)(6), a catchall provision under which a court may grant relief from an order for "any other reason that justifies relief." The limit on Rule 60(b) relief due to "public policy favoring finality of judgments and termination of litigation" is especially pronounced "in an application of subsection (6) of Rule 60(b)." Blue Diamond Coal Co., 249 F.3d at 524 (citations and quotation marks omitted). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." Id. Further, "[r]elief under Rule 60(b)(6) requires extraordinary circumstances." BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025). Such circumstances are "those unusual and extreme situations where principles of equity mandate relief." Exp.-Imp. Bank of U.S. v. Advanced Polymer Scis., Inc., 604 F.3d 242, 247 (6th Cir. 2010) (citations and quotation marks omitted). "'In a vast majority of the cases finding that extraordinary circumstances do exist . . . , the movant is completely without fault for

3

his or her predicament.'" Honickman, 605 U.S. at 212 (quoting 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, Moore's Federal Practice § 60.48[3][b], p. 60–188 (3d ed. 2024)). For example, the United States Supreme Court found that such extraordinary circumstances existed when a petitioner "sought to set aside a default judgment entered in denaturalization proceedings" while he was "in jail . . . , weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, and disturbed and fully occupied in efforts to protect himself against the gravest criminal charges in separate proceedings." Honickman, 605 U.S. at 211 (citation and quotation marks omitted).

Sutton argues that Rule 60(b)(6) relief is warranted because he faces loss of real property and denial of his constitutional rights. Sutton has not explained, and it is not apparent to the Court why his circumstances are so extraordinary, unusual, or extreme as to mandate relief under Rule 60(b)(6) and override public policy in favor of finalizing litigation. See Honickman, 605 U.S. at 210-12; Advanced Polymer Scis., Inc., 604 F.3d at 247; Blue Diamond Coal Co., 249 F.3d at 524.

Plaintiff's Motion to Show Cause and for Relief from Judgment Pursuant to Rule 60(b) (Doc. No. 104) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE